```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   JACKSON DIVISION
```

**UNITED STATES OF AMERICA**

VS.                                      CRIMINAL NO. 3:07–cr–59–WHB

**HARRISON CURTIS**


                         **OPINION AND ORDER**

This cause is before the Court on Defendant's Motion for Revocation of the Detention Order ("Motion for Revocation"). The Court has considered the Motion, Response of the Government, as well as supporting and opposing authorities, and finds that the Motion is not well taken and should be denied.


                      **I.   Procedural History**

Defendant was indicted on one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At the conclusion of a detention hearing that was held on September 5, 2007, United States Magistrate Judge James C. Sumner ordered that Defendant be detained unless or until otherwise ordered by the Court. On September 25, 2007, Defendant pleaded guilty to the charge against him, and his sentencing hearing is currently scheduled for December 4, 2007.

On October 2, 2007, Defendant "being dissatisfied with" Judge Sumner's detention order, filed the subject Motion for Revocation. In his Motion, Defendant argues that "there are conditions and

combinations of conditions other than confinement that will reasonably assure that the defendant is not a flight risk nor a risk to the community," and requests that the detention order be revoked or, in the alternative, amended to allow his release pending sentencing.  See Mot. for Revocation, at 1.

## II.  Discussion

Under Rule 59(a) of the Federal Rules of Criminal Procedure:

> A district judge may refer to a magistrate judge for determination any matter that does not dispose of a charge or defense.  The magistrate judge must promptly conduct the required proceedings and, when appropriate, enter on the record an oral or written order stating the determination.  A party may serve and file objections to the order within 10 days after being served with a copy of a written order or after the oral order is stated on the record, or at some other time the court sets.  The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous.  Failure to object in accordance with this rule waives a party's right to review.

In the case *sub judice*, Judge Sumner presided over Defendant's detention hearing in accordance with the policies and procedures of this Court.  On September 5, 2007, at the conclusion of the detention hearing, Judge Sumner ordered that Defendant be detained. Defendant did not file the subject Motion for Revocation seeking a review of Judge Sumner's detention order until October 2, 2007, well after the ten-day period prescribed by Rule 59(a) had expired. Accordingly, the Court finds that Defendant has waived his right for review of Judge Sumner's detention order.

Although Defendant has waived his right for review, this Court retains discretionary authority to review the subject detention order. As explained by the United States Supreme Court in <u>Thomas v. Arn</u>, 474 U.S. 140 (1985):

> The district judge has jurisdiction over the case at all times. He retains full authority to decide whether to refer a case to the magistrate, to review the magistrate's report, and to enter judgment. Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

<u>Id.</u> at 154 (discussing 28 U.S.C. Section 636). <u>See also</u> <u>United States v. Tooze</u>, 236 F.R.D. 442, 446 (D. Ariz. 2006) (finding that a district judge may, in his discretion, review a detention order entered by a magistrate judge regardless of whether the challenging party waived its right for such review under Rule 59(a)). As this Court has discretionary authority to review the order of a magistrate judge, it will now consider Defendant's challenge to the subject detention order.

18 U.S.C. Section 3143 provides, in relevant part:

> (a) Release or detention pending sentence.--(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if

>released under section 3142(b) or (c).  If the judicial
>officer makes such a finding, such judicial officer shall
>order the release of the person in accordance with
>section 3142(b) or (c).
>
>(2) The judicial officer shall order that a person who
>has been found guilty of an offense in a case described
>in subparagraph (A), (B), or (C) of subsection (f)(1) of
>section 3142 and is awaiting imposition or execution of
>sentence be detained unless--
>
>(A)(i) the judicial officer finds there is a substantial
>likelihood that a motion for acquittal or new trial will
>be granted; or
>
>(ii) an attorney for the Government has recommended that
>no sentence of imprisonment be imposed on the person; and
>
>(B) the judicial officer finds by clear and convincing
>evidence that the person is not likely to flee or pose a
>danger to any other person or the community.

18 U.S.C. § 3143(a)(1) & (2).

In the case *sub judice*, Defendant argues that the detention order should be revoked or amended because he is a life-long resident of Jackson, Mississippi; has ties to this community through extended family members; would be permitted to return to his former place of employment; and would consent to electronic monitoring if released.  See Mot. for Revocation, at ¶¶ III, IV. In response, the Government argues that Defendant poses a danger to the community as he was in possession of a stolen firearm; he was arrested after police responded to a disturbance call "regarding a man with a gun"; and he drew and pointed his weapon at a police officer who responded to the disturbance call.  See Resp. to Mot. for Revocation, ¶ 3.

Having reviewed the pleadings before it,[1] the Court finds that Defendant may indeed pose a danger to the community based on his prior conduct. As such, the Court finds that there does not exist clear and convincing evidence that Defendant does not pose such danger. Accordingly, the Court finds that Judge Sumner did not err when he entered the subject detention order and, therefore, Defendant's Motion for Revocation should be denied.

### III.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that Defendant's Motion for Revocation of the Detention Order [Docket No. 11] is hereby denied.

SO ORDERED this the 25th day of October, 2007.

s/William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

---

[1] The parties did not provide the Court with a copy of the transcript of Defendant's detention hearing, and it does not appear from the record that a transcript was requested from the court reporter. Accordingly, the review by the Court is limited to the pleadings before it.